# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MALIK SMITH, | : | Civil No. 1:19-cv-2174 |
| Plaintiff, | : | |
| v. | : | |
| M. POWANDA, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is a civil rights action brought by a federal inmate, asserting that certain employees at the Allenwood Federal Correctional Complex acted with deliberate indifference to his serious medical needs. Presently before the court is Plaintiff John Malik Smith's motion for temporary restraining order and preliminary injunction, requesting the court to order Defendants to arrange for certain medical tests. For the reasons that follow, Plaintiff's motion is denied.

### **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 19, 2019, Smith filed the above captioned *Bivens*[1] civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1.) The named Defendants are the following employees at the Allenwood Federal Correctional Complex, White Deer, Pennsylvania: M. Powanda, Physician Assistant ("PA"), and Thomas Cullen,

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Doctor of Osteopathy. (*Id.*) Smith claims that Defendants have acted with deliberate indifference to his serious medical needs, leaving Smith in "great pain, stiffness to his back, loss of mobility and full function of his back, depriving him of the ability to walk properly, and sleep." (*Id.*) He claims that Defendants are "aware that leaving Plaintiff without proper medical care could cause him to suffer further harm to his back and ability to walk, which could cause permanent disability." (*Id.*) Along with the filing of his complaint, Smith filed a motion for a temporary restraining order and preliminary injunction, in which he claims he is "entitled to a temporary restraining order requiring the Defendants to arrange for a diagnostic imaging examination and to a preliminary injunction requiring the Defendants to carry out that plan for diagnostic imaging." (Doc. 3.)

On February 18, 2020, Defendants filed a brief in opposition to Smith's motion for temporary restraining order. (Doc. 16.). In opposition to the Smith's motion for temporary restraining order, Defendants submit Smith's medical records, which indicates that on September 30, 2019, PA Powanda entered the following Administrative Note:

> I/M was seen by PT on 9/10/19 for evaluation of LBP radiating down right buttock, right thigh to below the knee, received a HEP, PT is requesting f/u in October or November clinic. Consult written for follow-up in-house PT.

(Doc. 16-1 at 6, Clinical Encounter – Administrative Note).

On January 7, 2020, in accordance with PA Powanda's Consultation Request, Smith met with Physical Therapist, Susan Andrews of Valley Rehabilitation, who recommended "diagnostic imaging." (Doc. 16-1 at 7, Physical Therapy Daily Note).

On January 20, 2020, and February 10, 2020, Smith was seen by the medical department, and prescribed 40 mg of Duloxetine to treat his low back pain. (Doc. 16-1 at 8 – 10, Clinical Encounter – Administrative Note).

On February 13, 2020, Smith met with PA Hemphill, who referred Smith for an MRI based on the following:

> 37 yo male with ongoing complaint of low back pain extending through right buttock to right thigh and BTK (most recently complaining of burning at right great toe.) Has been complaining of similar sxs x 8 months. Has failed NSAID therapy and reports little benefit with Duloxetine. Activity modification x 6 months completed. Was given low back stretches at first visit, and has been seen by Physical Therapy x 2 visits. PT reports that additional therapy is not expected to provide incremental benefit. On exam, LE sensation intact with left strength greater than right. Distal circulation WNLs.

(Doc. 16-1 at 11, Clinical Encounter – Administrative Note).

The Health Services division of the Northeast Regional Office, (specifically, the Regional Medical Director), reviews MRI referral, and on February 13, 2020, PA Hemphill's referral was escalated to the Health Services division of the Northeast Regional Office for review. (Doc. 16-1 at 2, Declaration of Dr. Brian

Buschman, Lieutenant Commander of the United States Public Health Service, employed by the United States Department of Justice, Federal Bureau of Prisons, as a Medical Officer/Physician.) Should the Regional Medical Director approve the MRI, then Smith will be scheduled for the next MRI truck at FCC-Allenwood. (*Id*.) According to the Consultation Request, April 3, 2020 is the target date for Smith's MRI. (Doc. 16-1 at 12, Consultation Request.)

The deadline to file a reply brief has expired, and Smith has not submitted a reply. Accordingly, Smith's motion for a temporary restraining order and preliminary injunction is ripe for review.

## DISCUSSION

Smith's motion for a temporary restraining order and preliminary injunction seeks an order "requiring the defendant to arrange for a diagnostic imaging examination and to a preliminary injunction requiring the defendants to carry out the plan for diagnostic imaging." (Doc. 3.) On the date when Smith filed this motion, December 16, 2019, there was no referral ordered for a diagnostic imaging examination. However, on February 13, 2020, a referral was entered for Smith to receive an MRI, with such MRI to be completed as soon as April 3, 2020. (Doc.16-1.) As a result, Plaintiff's motion is denied as moot.

This court has discretionary power to "withhold injunctive and declaratory relief for prudential reasons". *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 700 (3d Cir. 1996) (citing *S-1 v. Spangler*, 832 F.2d 294, 297 (4th Cir. 1987)). Moreover, when "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the merit of a suit or prevent a court from being able to grant the requested relief, the case must be dismisses as moot." *Blanciak*, 77 f.3d at 698-99.

Because Smith has already been referred for the specific diagnostic test (an MRI) that he is seeking in the instant motion, his motion is rendered moot. *See Kimball v. Wetzel*, Civil No. 3:18-cv-1411, 2019 WL 1232903 (M.D.Pa. Mar. 18, 2019) (holding that prisoner plaintiff's motion for injunctive relief to direct defendant prison officials to provide him with medications to treat his Hepatitis C was moot because he received the requested treatment).

## Conclusion

In light of the foregoing, Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 3) shall be denied as moot.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 12, 2020